*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LEWANDOWSKI and EILEEN A.
LEWANDOWSKI,

      Plaintiffs-Appellees,

v

JACK VALENTINE and DEBORAH K.
VALENTINE,

      Defendants-Appellants.

UNPUBLISHED
June 20, 2025
10:54 AM

No. 370952
Lenawee Circuit Court
LC No. 2022-006942-CH

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendants appeal of right from the judgment entered in favor of plaintiffs. We affirm.

After a one-day bench trial, the trial court ruled that plaintiffs had established a prescriptive easement over the driveway sitting between the parties' homes. "A trial court's findings of fact in a bench trial are reviewed for clear error while its conclusions of law are reviewed de novo." *Midwest Valve and Fitting Co v City of Detroit*, 347 Mich App 237, 250; 14 NW3d 826 (2023). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*. (quotation marks and citation omitted). The issue of whether a party had acquired a prescriptive easement is an equitable issue this Court reviews de novo. *Mulcahy v Verhines*, 276 Mich App 693, 698; 742 NW2d 393 (2007).

The testimony of plaintiffs, plus that of their neighbor, provided a factual basis for the trial court's conclusions that plaintiffs had used the area where the fence was located in an "open, notorious, adverse, and continuous" fashion for a period of over 30 years. *Astemborski v Manetta*, 341 Mich App 190, 197-198; 988 NW2d 857 (2022) (quotation marks and citation omitted). The trial court's findings were not clearly erroneous.

Defendants do not dispute the easement's existence; however, they argue that the easement only includes the use of the driveway to drive to and from the lake, and that parking and exiting

-1-

the vehicles exceeded that scope.[1]  However, the trial court found that the aforementioned testimony established that the driveway had been in use by plaintiffs and their predecessors for at least 31 years, and that plaintiffs had previously parked their cars on the land as a driveway with the ability to get in and out of their vehicles.  Further, entering and exiting a vehicle were incidental uses of the driveway easement because the easement can be informed by the customary use of the easement holder.   The trial court was empowered to make these and other fact-based findings, and we must defer to those findings so long as they have evidentiary support, which they did here.

Affirmed.  Plaintiff may tax costs, having prevailed in full.  MCR 7.219(A).

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[1] Defendants also argue that plaintiffs' flower beds, located along the side of their house, could be removed, making more room for opening and closing car doors even with the fence present. However, the issue is whether what existed for at least 15 years created a prescriptive easement that defendants could not interfere with, not what steps plaintiffs could take to accommodate defendants. See *Mulcahy*, 276 Mich App at 699 (prescriptive easement is the right to use the land of another for a specified purpose).